Kimmel & Silverman, P.C.
30 East Butler Pike
Ambler, PA 19002
Telephone: (215) 540-8888
Attorney of Record: Amy L. B. Ginsburg (AB0891)
Attorney for Plaintiff

## UNITED STATES DISTRICT COURT
## FOR THE
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| **MAURICE COLLINS,** | ) | **Case No.:** |
| | ) | |
| Plaintiff**,** | ) | |
| | ) | |
| **v.** | ) | **COMPLAINT AND DEMAND FOR** |
| | ) | **JURY TRIAL** |
| **NATIONAL STUDENT LOAN** | ) | |
| **PROGRAM,** | ) | |
| | ) | **(Unlawful Debt Collections Practices)** |
| Defendant. | ) | |

## COMPLAINT

MAURICE COLLINS ("Plaintiff"), by and through his counsel, Kimmel & Silverman, P.C., alleges the following against NATIONAL STUDENT LOAN PROGRAM ("Defendant"):

## INTRODUCTION

1.     Plaintiff's Complaint is based on the Telephone Consumer Protection Act ("TCPA").

## JURISDICTION AND VENUE

2.     Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331.  See Mims v. Arrow Fin. Services, LLC, 132 S. Ct. 740, 747, 181 L. Ed. 2d 881 (2012).

- 1 -

3.     Defendant conducts business in the State of New Jersey and as such, personal jurisdiction is established.

4.     Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

**PARTIES**

5.     Plaintiff is a natural person residing in Sicklerville, New Jersey.

6.     Plaintiff is a "person" as that term is defined by 47 U.S.C. § 153(39).

7.     Defendant is a lender with its principal place of business located at 1300 O Street Lincoln NE 68508.

8.     Defendant is a "person" as that term is defined by 47 U.S.C. §153(39).

9.     Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

**FACTUAL ALLEGATIONS**

10.     Plaintiff has a cellular telephone number that he has had for over a year.

11.     Plaintiff has only used this number as a cellular telephone number.

12.     Beginning in or before January 2015, and continuing through March 2016, Defendant called Plaintiff on his cellular telephone on a repetitive and continuous basis.

13.     When contacting Plaintiff on his cellular telephone, Defendant used an automatic telephone dialing system and automatic and/or pre-recorded messages.

14.     Plaintiff knew Defendant was using an automatic telephone dialing system and automatic and/or pre-recorded messages as there was a noticeable delay before he was transferred to a live caller.

- 2 -

15.     Defendant's telephone calls were not made for "emergency purposes."

16.     Rather, Defendant was calling Plaintiff regarding his student loan debt.

17.     In January 2015, Plaintiff revoked any consent previously given to Defendant to place telephone calls to his cellular telephone number.

18.     However, Defendant ignored Plaintiff's revocation and called him for several months thereafter.


**COUNT I**
**DEFENDANT VIOLATED THE**
**TELEPHONE CONSUMER PROTECTION ACT**

19.     Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

20.     Defendant initiated multiple automated telephone calls to Plaintiff's cellular telephone using a prerecorded voice.

21.     Defendant initiated these automated calls to Plaintiff using an automatic telephone dialing system.

22.     Defendant's calls to Plaintiff were not made for emergency purposes.

23.     Defendant's calls to Plaintiff, after January 2015, were not made with Plaintiff's prior express consent.

24.     Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

25.     The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

26.     As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

WHEREFORE, Plaintiff, MAURICE COLLINS, respectfully prays for judgment as follows:

a.     All actual damages suffered pursuant to 47 U.S.C. §227(b)(3)(A);

b.     Statutory damages of $500.00 per violative telephone call pursuant to 47 U.S.C. §227(b)(3)(B);

c.     Treble damages of $1,500 per violative telephone call pursuant to 47 U.S.C. §227(b)(3);

d.     Injunctive relief pursuant to 47 U.S.C. §227(b)(3); and

e.     Any other relief deemed appropriate by this Honorable Court.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, MAURICE COLLINS, demands a jury trial in this case.

## <u>CERTIFICATION PURSUANT TO L.CIV.R.11.2</u>

I hereby certify pursuant to Local Civil Rule 11.2 that this matter in controversy is not subject to any other action pending in any court, arbitration or administrative proceeding.


Respectfully submitted,


Dated: July 21, 2017                     By: <u>/s/ Amy L. B. Ginsburg</u>
                                         Amy L. B. Ginsburg, Esquire
                                         Kimmel & Silverman, P.C.
                                         30 East Butler Pike
                                         Ambler, Pennsylvania 19002
                                         Phone: (215) 540-8888
                                         Facsimile: (877) 788-2864
                                         Email: aginsburg@creditlaw.com

PLAINTIFF'S COMPLAINT